■ AETNA LIFE & CASUALTY COMPANY, Appellant, v. MICHAEL STEKARDIS et al., Respondents. — Order entered in the Supreme Court, New York County, on August 14, 1973, denying petitioner-appellant's motion to stay arbitration, affirmed, without costs or disbursements. Special Term denied the application to stay arbitration stating that "It is clear that all of the respondents come within the coverage of the applicable insurance policy and petitioner fails to refute the showing by respondents that the alleged injuries were caused by physical contact with a hit-and-run vehicle." We too agree, that there should be arbitration, but we reach our conclusion solely on petitioner-appellant's failure to timely move for the stay. The demand for arbitration contained the provision under CPLR 7503 (subd. [c]) that "unless the party served applies to stay the arbitration within ten days after such service [the party served] shall thereafter be precluded from objecting that a valid agreement was not made or has not been complied with". Petitioner concedes that it did not apply for the stay until long after the 10-day period had expired. We have previously held in *Cosmopolitan Mut. Ins. Co.* v. *Moliere* ( 31 A D 2d 924) and in *Matter of Allstate Ins. Co.* v. *Ness* (32 A D 2d 912) that failure to move within 10 days after the service of notice to arbitrate precluded raising a question of whether there had been a disclaimer by an insurance company rendering a vehicle "uninsured". In affirming we do not decide if the claims are tenable, nor do we attempt to pass upon the merits. The claims and the merits are to be determined by the arbitrators according to the rules of law which they deem appropriate in the circumstances, and not by the courts. ( See CPLR 7501; *Matter of Exercycle Corp.* [*Maratta*], 9 N Y 2d 329, 334; *Matter of Newmeyer*, 23 A D 2d 836; cf. *Matter of Uddo* [*Taormina*], 21 A D 2d 402.) Concur — Markewich, Nunez, Kupferman and Tilzer, JJ.; McGivern, J. P., dissents in the following memorandum: I favor a reversal of the order

appealed from and a stay of arbitration. We are not considering here a classical hit-and-run episode as contemplated by the statute. The Stekardis car was the fourth car involved in this imbroglio; its contact was with the third car, the Kunstelj car, and not as a result of any continuous propulsion of force flowing from an impact with a hit-and-run vehicle. The only contact with the unknown car, from which furniture fell, was between it and the Nordberg car. "Unfocused forces, whether produced by centrifugal force or ricochet, set off by a moving vehicle do not provide the kind of physical nexus contemplated by the statute nor understood in common parlance to constitute physical contact with the vehicle itself." (*Matter of Smith* [*Great Amer. Ins. Co.*], 29 N Y 2d 116, 121). Further, conspicuously absent from the record is an order for the submission of the infant's claim to arbitration. (*Matter of Frame* [*Amer. Motorists Ins. Co.*] , 31 A D 2d 872.) And lastly, failure to comply with the 10-day rule does not inflexibly compel arbitration. "To hold that the failure to raise such an issue within 10 days precludes raising it thereafter would have the effect of creating coverage and protection which may never in fact have existed." (*Matter of Frame* [*Amer. Motorists Ins. Co.*], *supra,* p. 873.)